# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAUL MIERISCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24-cv-855-HEA |
| ST. LOUIS COUNTY, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff Paul Mierisch for leave to proceed in this action without prepaying fees or costs. ECF No. 2. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will be granted. Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

## Legal Standard

This Court is required to review a complaint filed *in forma pauperis* to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant complaint against St. Louis County, Missouri and Associate Circuit Judge Amanda B. McNelley[1] in her official and individual capacities. ECF No. 1. This matter appears to arise out of plaintiff's state court family law case, *Mierisch v. Mierisch*, 18SL-

---

[1] Plaintiff spells defendant's name as Judge Amanda B. McNulley; however, the correct spelling of her last name is McNelley.

DR03252-01 (St. Louis Cty. Cir. Ct. filed Oct. 7, 2021).[2]

Plaintiff describes himself to be an individual with a physical disability. *Id.* at 5. He claims he "was denied/deprived to attend [a] custody hearing on June 21, 2023 as a[n] ADA parent because notice of hearing was not received[.]" *Id.* Plaintiff asserts defendant Judge McNelley improperly modified a court-ordered child visitation plan because he was unaware of the hearing and was not present to "testify, cross exam, or bring witnesses[.]" *Id.* at 6. Plaintiff claims he was denied by St. Louis County the "right to a new judge, "a new GAL,"[3] and the "right to file notice of appeal." *Id.* at 7. He contends that qualified immunity should not apply to Judge McNelley.

Plaintiff asserts the lack of notice "violated Supreme Court Rule 44, Civil Rights 1964, Due Process 14th Amendment of U.S. Constitution, [and] Title 18 U.S.C. 242." *Id.* at 5. He also appears to assert defendants violated the Americans with Disabilities Act ("ADA") merely because he is disabled. He seeks "declaratory and injunctive relief under Rule 60 to order the court to reschedule the child custody hearing, order GAL, and [require the] Judge [to] recuse themselves (bias), and give plaintiff who suffer[s] disabilities a right to be heard and give testimony in the best interest of a child." *Id.* at 8. He also requests this Court to require the state court to order a psychological evaluation of the mother and reinstate the "old parental plan." *Id.*

## Discussion

Having carefully reviewed plaintiff's complaint, the Court finds the allegations brought against defendants St. Louis County, Missouri and Judge Amanda B. McNelley are subject to dismissal for lack of subject matter jurisdiction and, alternatively, for failure to state a claim.

---

[2] Plaintiff's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

[3] The Court understands plaintiff to be referring to a guardian ad litem interview.

Federal courts are courts of limited jurisdiction. *McAdams v. McCord*, 533 F.3d 924, 927 (8th Cir. 2008). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Upon review of plaintiff's complaint, the Court finds no basis for federal jurisdiction.

The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Diversity jurisdiction does not exist here because plaintiff and defendants are not alleged to be citizens of different states and plaintiff does not seek monetary relief.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great*

*Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

In this case, no federal question is presented on the face of plaintiff's complaint. Although plaintiff cites to federal statutes, such as the Civil Rights Act of 1964 and the ADA as grounds for bringing this action, he is contesting a state court custody-related decision regarding his child and such an action does not arise under the Constitution, laws, or treaties of the United States. This Court lacks jurisdiction over cases involving child custody under the domestic relations exception to federal court jurisdiction. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id.*

Simply, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court.").

In the case at bar, plaintiff is asking this Court to determine that defendants committed

wrongdoing in connection with state child custody proceedings. This Court cannot change state custodial determinations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (questions concerning child custody are left entirely to state courts to answer). Because the domestic relations exception divests this Court of jurisdiction, this case will be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

Additionally, the federal district court lacks subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may be had only in the United States Supreme Court. *Id.* Any review of a state court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). It appears that plaintiff's claims here can only succeed if this Court decides that a state-court decision regarding his minor child was wrongly decided. As such, plaintiff's claims are inextricably intertwined with the state court judgment and this Court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine. *See Postma*, 74 F.3d at 162. This Court simply does not have the authority to direct the state court to hold a rehearing, demand that the mother of the child be subject to a psychological examination, or reinstate a previous parental plan.

The complaint is subject to dismissal for other reasons as well. As a judicial officer exercising the authority in which she was vested, Judge Amanda B. McNelley is immune from suit. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of

damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Further, plaintiff does not allege any plausible allegations of an unconstitutional official policy, custom, or failure to train against St. Louis County, Missouri. *See Monell v. Department of Social Services*, 436 U.S. 658, 685 (1978). Lastly, the complaint references the ADA, but it contains no facts that could be construed as stating a plausible ADA claim. *See Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (describing the elements of an ADA claim).

For all of the aforementioned reasons, dismissal for lack of jurisdiction, and alternatively, for failure to state a claim, is appropriate here.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 3]

Dated this 27th day of June, 2024.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE